**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Casey Ray Perkins, Appellant.

Appellate Case No. 2008-111746

Appeal From Chester County
Brooks P. Goldsmith, Circuit Court Judge

Unpublished Opinion No. 2012-UP-525
Submitted August 1, 2012 – Filed September 12, 2012

**AFFIRMED**

Chief Appellate Defender Robert M. Dudek, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Brendan J. McDonald, all of Columbia; and Solicitor Douglas A. Barfield, Jr., of Lancaster, for Respondent.

**PER CURIAM:**  Casey Ray Perkins appeals his conviction of murder, arguing the trial court erred in refusing to charge voluntary manslaughter.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authority: *State v. Holland*, 385 S.C. 159, 165, 682 S.E.2d 898, 901 (Ct. App. 2009) ("'The law to be charged must be determined from the evidence presented at trial.'" (quoting *State v. Cole,* 338 S.C. 97, 101, 525 S.E.2d 511, 512 (2000))); *id.* at 165-66, 682 S.E.2d at 901 ("In determining whether the evidence requires a charge of voluntary manslaughter, [the appellate court] views the facts in a light most favorable to the defendant."); *id.* at 166, 682 S.E.2d at 901 (stating the appellate court will not reverse the trial court's decision regarding jury charges but for the trial court's abuse of discretion); *id.* ("Voluntary manslaughter is the unlawful killing of a human being in sudden heat of passion upon sufficient legal provocation. Heat of passion alone will not suffice to reduce murder to voluntary manslaughter." (citation and internal quotation marks omitted)); *id.* at 167, 682 S.E.2d at 902 ("'A victim's attempts to resist or defend himself from a crime cannot satisfy the sufficient legal provocation element of voluntary manslaughter.'" (quoting *State v. Shuler,* 344 S.C. 604, 632, 545 S.E.2d 805, 819 (2001))).

**AFFIRMED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.